UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAMS, SCOTT & ASSOCIATES LLC;
JOHN T. WILLIAMS,

                              Plaintiff,

                    -against-

UNITED STATES OF AMERICA,

                              Defendants.

20-CV-3101 (LLS)

ORDER OF DISMISSAL AND TO SHOW
CAUSE UNDER 28 U.S.C. § 1651

LOUIS L. STANTON, United States District Judge:

        Plaintiff John T. Williams, proceeding *pro se* and *in forma pauperis* (IFP),[1] filed this

complaint on behalf of himself and a business entity. He asserts claims under the Federal Tort

Claims Act, 28 U.S.C. §§ 1346(b), 2671-80. For the reasons set forth below, the Court dismisses

the complaint and directs Plaintiff to show cause why he should not be barred under 28 U.S.C.

§ 1651 from filing new actions IFP, that is, without prepaying the filing fee.

## STANDARD OF REVIEW

        The Court must dismiss a complaint filed IFP, or any portion of a complaint filed IFP,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

---

[1] The Court need not address whether Plaintiff is barred under 28 U.S.C. § 1915(g) from
proceeding IFP. Because Plaintiff indicated when he filed this action on December 30, 2019, that
he resides at a private, non-institutional address and was not "incarcerated or detained in any
facility," 28 U.S.C. § 1915(h), he does not qualify as a prisoner for purposes of his IFP
application, even if he is still on supervised release and "in custody" for purposes of his pending
§ 2255 motion challenging his conviction. *See* 28 U.S.C. § 1915(h) (A prisoner is "any person
incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or
adjudicated delinquent for, violations of criminal law or the terms and conditions of parole,
probation, pretrial release, or [a] diversionary program.").

.

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

A jury convicted Plaintiff John T. Williams of conspiracy to commit wire fraud arising out of unlawful debt collection practices. *See United States v. Williams*, No.14-CR-784-2 (RJS)

(S.D.N.Y. Dec. 14, 2016) (imposing sentence), *aff'd*, 16-4186-cr (2d Cir. July 9, 2018).[2] The Federal

Trade Commission (FTC) also brought a civil action against Plaintiff, Chris Lenyszyn, and two

businesses in which Plaintiff was involved (Williams, Scott & Assocs., LLC, and WSA, LLC).

*See FTC v. Lenyszyn*, No. 14-CV-1599 (N.D. Ga. filed May 27, 2014), *aff'd*, No. 18-11554-A

(11th Cir. Nov. 5, 2018), *recons. denied* (11th Cir. May 29, 2019) (holding that Plaintiff "has

offered no meritorious arguments to warrant relief").

In this action, Plaintiff seeks damages on the grounds that "federal government officers

unlawfully searched and seized [his] property without a valid search warrant or probable cause," and

were involved in "unlawfully arresting and prosecuting the plaintiff and his companies, Williams,

Scott & Associates, LLC, and WSA, LLC." (ECF 2 at 4). He alleges that "[t]his blatant

SCHEME/HOAX was . . . perpetrated by all the supervisors of the government agencies USAO, FBI,

COC, and the FTC." (*Id.*) In particular, "Preet Bhara, George Venizelos, Richard Zabel, Richard

Frankel, James Comey, Timothy Brody, Darren Kible, Catherine Wolfe, Ruby Karjick, Sarah Paul,

Benet Kearney, Daniel Tehrani, Robert Ray, [and] Mark Demarco . . . are responsible." (*Id.* at 5.)[3]

---

[2] Williams's motion under 28 U.S.C. § 2255 challenging the conviction is pending. *See Williams v. United States*, No. 20-CV-1554 (RJS) (S.D.N.Y.).

[3] In his earlier FTCA suit, *Williams, Scott & Associates, LLC v. United States*, No. 19-CV-837 (LLS), Plaintiff asserted claims against many of the same individuals whom he identifies in this action as being responsible for his injuries: Preet Bharara; George Venizelos (FBI Supervisor); Richard Zabel (DAG Supervisor); Nicole Friedlander (Supervisor AUSA); Sam Olens (AG Supervisor); Sally Yates (AG Supervisor); Richard Frankel (FBI Supervisor); James Comey (FBI Supervisor); Darren Kible (FBI Supervisor); Edith Ramirez (FTC Supervisor); Valerie Verduse (FTC Supervisor); Jessica Rich (FTC Supervisor); Jonathan Nuechterlein (FTC Supervisor); William Effren (FTC Supervisor); Deborah Marrone (FTC Supervisor); Catherine Wolfe (Supervisor COC); Ruby Krajick (Supervisor COC); James Hatten (Supervisor COC); Michael Fuqua (Receiver); Jennifer D. Odom (attorney, Bryan Cave, LLP); Danielle C. Parrington, attorney, Bryan Cave, LLP); Michael S. Lewis (FTC); Frank Franklin (UC); Robin Rock (FTC-AUSA); Marcela Mateo (FTC-AUSA); Jill Jeffries (Probation); Joseph D. Stites (FBI); Patrick Carrol (FBI); Kurt Dirker ((FBI); Timothy Brody (FBI); Brian Comisky (FBI); Kevin Song (AUSA); Jonathan Cohen (AUSA); Benet Kearney (AUSA); Richard Tarlowe (AUSA); Sarah Paul (AUSA); Jennifer Gachiri (AUSA); Daniel Tehrani (AUSA); Jeffrey A. Brown (AUSA); and Laura D. Pfister (AUSA).

Because this is an action under the FTCA, however, Plaintiff correctly names the United States as the sole Defendant.

Plaintiff contends that "the facts about the [2014] search warrant were kept under seal until September 20, 2019." (*Id.* at 9). He states that he exhausted claims regarding his 2014 arrest and search by filing an administrative claim with the relevant federal agency, which was denied on December 3, 2019. (*Id.* at 5). Plaintiff seeks damages.

## DISCUSSION

### A.    FTCA Claims

The Federal Tort Claims Act (FTCA), codified at 28 U.S.C. §§ 1346(b), 2671-80, provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). For example, the FTCA confers jurisdiction upon the district courts to hear claims for damages against a federal agency "for injury or loss of property . . . resulting from the negligent or wrongful act[s] or omission[s]" of federal employees in their official capacities. 28 U.S.C. § 2679(b)(1); *see Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994). A tort claim under the FTCA must be presented in writing to the appropriate federal agency within two years after the claim accrues, or it is time-barred. 28 U.S.C. § 2401(b).

Plaintiff has already brought unsuccessful FTCA actions arising out of his investigation, 2014 arrest, and prosecution. *See, e.g.*, *Williams, Scott & Associates LLC et al v. United States of America*, No. 1:19-CV-0837, 16 (LLS) (S.D.N.Y. Jul. 3, 2019) ("*Williams I*"); *Williams, Scott &*

*Associates LLC et al v. United States of America*, No. 1:19-CV-08736, 6 (CM) (S.D.N.Y. Jan. 10, 2020) ("*Williams II*").

In *Williams I*, Plaintiff asserted FTCA claims regarding the same events underlying this action. Attached to the *Williams I* complaint was an August 2, 2018 letter from the United States Department of Justice (DOJ) denying Plaintiff's request for reconsideration of an administrative tort claim. The Court dismissed *Williams I* on the merits, but noted that the FTCA claims appeared in any event to be untimely.

In *Williams II*, Plaintiff again relied for exhaustion purposes on the DOJ's August 2, 2018 letter denying his request for reconsideration of his administrative tort claim. The letter stated:

> We have reviewed your request for reconsideration of the denial of the administrative tort claim you submitted to the U.S. Department of Justice on May 25, 2018, relative to the alleged acts or omissions of the United States Attorney's Office for the Southern District of New York, The Federal Bureau of Investigation, the Administrative Office of the U.S. Courts, and the Federal Trade Commission occurring in July 2015. After reconsideration, it has been determined that your claim is not compensable. Accordingly, your claim must be and hereby is denied.

(*Williams II*, ECF No. 1 at 27.) Chief Judge McMahon granted Plaintiff an opportunity to show cause in *Williams II* why his FTCA claim should not be dismissed as untimely, but he failed to provide any sufficient reason, and his FTCA claims arising from his investigation, arrest, and prosecution were dismissed as time-barred.

Chief Judge McMahon also noted in *Williams II*, that it would be futile for Plaintiff to file new administrative claims arising from these events:

> Any new administrative claim Plaintiff may have filed would also be untimely, because the statute requires that any such claim be filed within two years of the claim's accrual, and exhausted before seeking relief in federal court, *see* 28 U.S.C. §§ 2401(b), 2675(a). To the extent Plaintiff asserts claims arising from more recent events, they amount to a challenge to his criminal conviction, and the Court will not entertain them here.

(ECF 6, Order at 6-7.)

Plaintiff's allegations in this complaint regarding exhaustion of his administrative remedies are vague: He alleges, without more, that he filed an administrative claim that was denied on December 3, 2019. He does not plead facts about when or where he filed the claim, or about the tortious acts for which he seeks damages. But the allegations in the complaint arise from the criminal investigation into Plaintiff's activities with Williams, Scott & Associates LLC, including the May 28, 2014 search of the office, his November 18, 2014 arrest, and the December 2014 indictment. The deadline for filing an administrative claim with the appropriate federal agency expired in 2016 or 2017, two years after the events giving rise to Plaintiff's claims, and his filing of a new administrative claim, or a new motion for reconsideration of his 2018 administrative claim, long after the deadline in 28 U.S.C. § 2401(b) expired, cannot revive Plaintiff's claims. Even if Plaintiff filed this complaint within six months of the most recent denial of his administrative claim, any new FTCA claim that he brought based on his search, arrest, or indictment was not filed within two years of the dates those events occurred, and is therefore untimely.[4]

"[T]he FTCA's time bars are nonjurisdictional and subject to equitable tolling." *United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015). Plaintiff contends that "the facts about the [2014] search warrant were kept under seal until September 20, 2019." (ECF 2 at 9). He argues that the Magistrate Judge gave receiver Michael Fuqua "broad authority . . . to take exclusive control over all assets" of Williams, Scott & Associates, LLC but did not authorize FBI agent Timothy Brody to

---

[4] Plaintiff has previously been advised that FTCA claims against the United States "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b)." *Williams, Scott & Assocs., LLC*, No. 19-CV-837 (CM), 2019 WL 2867017, at *6 (S.D.N.Y. July 3, 2019). Plaintiff resided in Nevada when he filed this action, and he asserts FTCA claims arising out of the search of his office in Georgia, and his arrest there. Thus, if the complaint was not being dismissed on other grounds, it is not clear that venue would be proper in this district.

search or seize assets.[5] (*Id.*) Plaintiff's allegation that facts were concealed from him does not

provide any basis for equitably tolling the limitations period on his FTCA claim. Plaintiff has raised

this argument that this search was unlawful multiple times in papers filed before September 2019,

which shows that this was not new information and cannot be a basis for tolling the limitations

period. *See, e.g., Williams v. United States*, No. 17-CV-4105 (N.D. Ga. Oct. 19, 2017) (Compl., ECF

4 at 2) ("The FBI never had authority to search and seize Mr. Williams['s] [sic] property. Judge Janet

King only gave Michael Fuqua the receiver of the FTC access to the defendants property."); *Supreme

Imports LLC v. Fuqua*, No. 16-CV-986 (N.D. Ga. filed Mar. 25, 2016) (complaint alleging, among

other things, that receiver Michael Fuqua and FBI agent Brody unlawfully raided Williams's Georgia

office). The Court therefore rejects this argument that the limitations period for Plaintiff's FTCA

claim should be equitably tolled. And because Plaintiff has already had multiple opportunities to

show why his FTCA claims arising from these same events are not time-barred, the Court declines to

grant him another opportunity to do so.

Lastly, a civil action for damages is not the proper vehicle for Plaintiff to challenge his

prosecution and conviction, including, for example, his claims that he is actually innocent and

that he could not be charged with conspiracy to commit mail fraud without also being charged

with mail fraud. Such claims can be raised, if at all, in Plaintiff's pending motion under 28 U.S.C.

§ 2255 attacking the same conviction.

---

[5] Even if the FTCA claims were not time-barred, they would fail on the merits because, as Chief Judge McMahon noted in resolving Plaintiff's prior suit arising from the same facts, "the FTCA does not waive the sovereign immunity of the United States for constitutional torts." *Williams, Scott & Assocs., LLC*, No. 19-CV-837 (CM), 2019 WL 2867017, at *9 (S.D.N.Y. July 3, 2019) (citing *FDIC v. Meyer*, 510 U.S. 471, 477–78 (1994) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right. . . . [And] the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims.")).

**B.**      **Representing a Corporation Pro Se**

A person who is not an attorney may represent himself *pro se* but may not represent

another individual or entity. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*,

506 U.S. 194, 202-03 (1993) (noting that courts do not allow corporations, partnerships,

associations, and other "artificial entities" to appear in court without an attorney); *Lattanzio v.*

*COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("[B]oth a partnership and a corporation must appear

through licensed counsel."). Plaintiff John Williams therefore cannot bring this action on behalf

of Williams, Scott & Assocs., LLC, and that entity is dismissed.

**C.**      **Order to Show Cause**

Plaintiff was or should have been aware that he could not file suit on behalf of Williams,

Scott & Assocs., LLC. In *Williams II*, Chief Judge McMahon noted the following in a November

12, 2019 order:

> Plaintiff has repeatedly been instructed that he cannot file cases on behalf of his
> businesses, and that many of the defendants he names are immune from suit, but
> he persists in engaging in such litigation.
>
> . . .
>
> [F]urther duplicative or frivolous litigation in this Court will result in an order
> barring [Plaintiff], under 28 U.S.C. § 1651, from filing new actions *in forma*
> *pauperis* without prior permission."

*Williams, Scott & Assocs., LLC*, No. 19-CV-8736 (CM), 2019 WL 5889335, at *5. Shortly

thereafter, Plaintiff filed this action on behalf of Williams, Scott & Associates, LLC, despite the

Court's explicit instruction that he could not represent this entity.

Chief Judge McMahon also cautioned Plaintiff not to file repetitive litigation reasserting claims that had already been dismissed.[6] Yet in this action, Plaintiff again brings claims arising from his investigation, arrest, and criminal proceedings that have already been dismissed.

In light of this litigation history, Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from the Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

## CONCLUSION

The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff shall have thirty days to show cause by declaration why an order should not be entered

---

[6] *See Williams*, No. 19-CV-8736 (CM), 2019 WL 5889335, at *4 (S.D.N.Y. Nov. 12, 2019) ("Plaintiff has and continues to file cases regarding these same events in this Court and in the United States District Court for the Northern District of Georgia. *See, e.g., Williams v. King*, No. 19-CV-4856 (N.D. Ga. filed Oct. 28, 2019); *Williams, Scott & Associates LLC v. Yates*, No. 19-CV-4253 (N.D. Ga. filed Sept. 19, 2019); *Williams, Scott & Associates LLC v. United States of America*, 19-CV-3469 (N.D. Ga. filed July 31, 2019); *Supreme Imports LLC v. Fuqua*, No. 16-CV-986 (N.D. Ga. Dec. 5, 2016) (dismissing complaint for failure to state a claim); *WSA Williams Scott & Associates v. Orion Payment Systems*, No. 16-CV-984 (N.D. Ga. Jan. 23, 2017) (dismissing complaint for lack of diversity jurisdiction and on immunity grounds.").

barring Plaintiff from filing any future action *in forma pauperis* in this Court without prior

permission. For Plaintiff's convenience, a declaration form is attached to this order.

      This order will be mailed in chambers.

SO ORDERED.

Dated:    June 4, 2020
          New York, New York

                                      Louis L. Stanton
                                      U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____
Executed on (date)                            Signature

_____          _____
Name                                                 Prison Identification # (if incarcerated)

_____          _____|_____|_____
Address                                      City                 State         Zip Code

_____          _____
Telephone Number (if available)          E-mail Address (if available)